**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BARDY DIAGNOSTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-351-CJB |
| | ) | |
| VITAL CONNECT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] SCHEDULING ORDER**

This __ day of December, 2022, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on November 29, 2022, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before [Plaintiff's proposal: **September 28, 2023**/Defendant's proposal: **April 20, 2023**].

3.    **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and file it with the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.    **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted

so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.      **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6.      **Disclosures**. Absent agreement among the parties, and approval of the Court:

a.      Plaintiff represents that it is complying with Paragraph 6(a) Disclosures and if the patents-in-suit have already been licensed or the subject of a settlement agreement, then Plaintiff will provide the licenses and/or settlement agreements to Defendant no later than **January 12, 2023.**

b.      By **January 12, 2023**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

c.      By **February 16, 2023**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall produce sales figures for the accused product(s).

d.      By **March 16, 2023**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

e.      By **April 13, 2023**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

f.      By **November 9, 2023**, Plaintiff shall provide final infringement contentions.

g.      By **December 7, 2023,** Defendant shall provide final invalidity contentions.

h.      By **May 16, 2024**, the parties will meet and confer on whether to reduce the number of asserted claims and asserted prior art references used for anticipation and obviousness combinations, if appropriate.

7.      **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.      <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **December 14, 2023**.

b.      <u>Document Production</u>. Document production shall be substantially complete by **August 24, 2023**.

c.      <u>Requests for Admission</u>. A maximum of **thirty (30)** requests for admission are permitted for each side.

d.      <u>Interrogatories</u>.

i.      A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, are permitted for each side.

ii.     The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention

4

interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.  <u>Depositions</u>.

      i.  <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **seventy** (**70**) hours of taking testimony by deposition upon oral examination.

      ii.  <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    f.  <u>Disclosure of Expert Testimony</u>.

      i.  <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 25, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 7, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **March 28, 2024**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      ii.  <u>Expert Report Supplementation</u>. The parties agree they [Plaintiff's proposal: **will not**/Defendant's proposal: **will**] permit expert declarations to be filed in connection

with motions briefing (including case-dispositive motions) without the consent of non-filing party or leave of the Court.

        iii.     <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the same schedule and page limits set out in connection with briefing of case dispositive motions.

        g.     <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

        i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.     Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

        Dear Judge Burke:

        The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

        The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention
are listed below:

[provide here a non-argumentative list of
disputes requiring judicial attention]

iii.      The moving party (i.e., the party seeking relief from the Court)
should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text
for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab,
under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

iv.      The Court will thereafter set a discovery dispute telephone
conference and a briefing schedule. The movant's opening letter brief shall include as attachments:
(1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the
Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an
attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent
that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall
attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding
those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery
Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's
website. The parties shall also comply with paragraph 5 regarding the submission of courtesy
copies; if they fail to do so, the telephone conference may be cancelled.

v.      Should the Court find further briefing necessary upon the conclusion
of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve
the dispute prior to the telephone conference and will, in that event, cancel the conference.

vi.    Should counsel find, after good faith efforts—including **verbal** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

vii.    The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

viii.    The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the

submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

     ix.  Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

  8. **<u>Motions to Amend</u>**.

    a.  Any motion to amend a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b.  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

    c.  Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

  9. **<u>Motions to Strike</u>**.

    a.  Any motion to strike any pleading or other document or testimony shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b.  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

10.   **Motions to Stay**.

a.      Any motion to stay shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

11.   **Tutorial Describing the Technology and Matters in Issue**. The parties may (though they are not required to) provide the Court, no later than the date on which the Joint Claim Construction Brief is due, with a tutorial on the technology at issue. In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than 30 minutes in length. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than seven days after the Joint Claim Construction Brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.     **Claim Construction Issue Identification**. On **May 4, 2023**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). On **May 18, 2023**, the parties shall exchange their proposed counter claim construction of those term(s)/phrase(s), if any.  These documents will not be filed with the Court. Subsequent to exchanging the lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on **June 1, 2023**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Deborah_Benyo@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

13.     **Claim Construction Briefing**.  Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before **June 22, 2023**. Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages, on or before **July 20, 2023**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or before **August 10, 2023**. Defendant shall serve, but not file, its sur- reply brief, not to exceed 10 pages, on or

before **August 24, 2023**. No later than **August 31, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.      [TERM 1]
       1.      Plaintiff's Opening Position
       2.      Defendant's Answering Position
       3.      Plaintiff's Reply Position
       4.      Defendant's Sur-Reply Position

B.      [TERM 2]
       1.      Plaintiff's Opening Position
       2.      Defendant's Answering Position
       3.      Plaintiff's Reply Position
       4.      Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

14.     **<u>Hearing on Claim Construction</u>**. Beginning at ____ __.m. on September ____, 2023, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the Court will endeavor to issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.

15.     **Interim Status Report**. On **October 12, 2023**, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.     **Supplementation**. Absent agreement among the parties, and approval of the Court, no later than **October 26, 2023**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

17.     **Case Dispositive Motions**.

a.     All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 20, 2024**.  The non-moving party shall serve and file its answering brief and any affidavits on or before **July 11, 2024**. The moving party shall serve and file its reply brief and any affidavits on or before **July 25, 2024**.  Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

b.     No early motions without leave. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a motion and an accompanying letter brief with the Court of no more than four (4) single-spaced pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) single-spaced pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

c.     Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of

the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

d.      The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by- paragraph basis.

e.      Page limits combined with *Daubert* motion page limits. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall

be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[1]

      f.    <u>Hearing</u>. The Court will hear argument on all pending case dispositive and *Daubert* motions on **August ___, 2024**, beginning at ___ __.m.

18.    **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Court. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19.    **Pretrial Conference**. On **October ___, 2024**, the Court will hold a pretrial conference in court with counsel beginning at ____ __.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Patent Pretrial Order, which can be found in the "Forms" tab on Judge Burke's section of the Court's website (www.ded.uscourts.gov), on or before **October ___, 2024**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

As noted in the Patent Pretrial Order, the parties shall include in their joint proposed pretrial order, among other things:

      a.    <u>a request for a specific number of *hours* for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which

---

[1] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

        b.    <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

        c.    <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and;

        d.    <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

        20.    **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) single-spaced pages of argument and may be opposed by a maximum of three (3) single-spaced pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional single-spaced page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition

shall be combined in a single three (3)-page single-spaced submission (and, if the moving party, a single one (1)-page single-spaced reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21.    **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Word format, which may be submitted by e-mail to the trial judge's staff.

22.    **Trial**. This matter is scheduled for a **five (5)** day jury trial beginning at 9:30 a.m. on **November ____, 2024**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.    **Judgment on Verdict and Post- Trial Status Report**. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly file a form of order to enter judgment on the verdict. At the same time, the parties shall file a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24.    **Post-Trial Motions**. Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**CHART OF RELEVANT DATES**

| EVENT | DEADLINE |
|---|---|
| Proposed Protective Order (¶ 3) | Within ten (10) days of entry of the Scheduling Order |
| Rule 26(a)(1) Initial Disclosures (¶ 1) | Within five (5) days of the entry of the Scheduling Order |
| Production of Licensing/Settlement Agreements (¶ 6(a)) | January 12, 2023 |
| Identification of the Accused Product(s), Damages Model, and the Asserted Patents with file history (¶ 6(b)) | January 12, 2023 |
| Production of Core Technical Documents (¶ 6(c)) | February 16, 2023 |
| Initial Claim Chart (¶ 6(d)) | March 16, 2023 |
| Initial Invalidity Contentions (¶ 6(e)) | April 13, 2023 |
| Exchange Claim Construction Terms and Proposed Constructions (¶ 12) | May 4, 2023 |
| Parties Exchange Proposed Counter Claim Constructions | May 18, 2023 |
| File Joint Claim Construction Chart (¶ 12): | June 1, 2023 |
| Plaintiff Serves Claim Construction Opening Brief (¶ 13) | June 22, 2023 |
| Defendant Serves Claim Construction Answering Brief (¶ 13) | July 20, 2023 |
| Plaintiff Serves Claim Construction Reply Brief (¶ 13) | August 10, 2023 |
| Defendant Serves Claim Construction Sur-Reply Brief (¶ 13) | August 24, 2023 |
| Document Production Substantially Completed (¶ 7(b)) | August 24, 2023 |
| File Joint Claim Construction Brief (¶ 13) | August 31, 2023 |
| Technology Tutorial (optional) (¶ 11) | August 31, 2023 |
| **Claim Construction Hearing (¶ 14)** | September 2023 |
| Joinder of Parties and Motions to Amend the Pleadings (¶ 2) | Plaintiff's Proposal: September 28, 2023 <br><br> Defendant's Proposal: April 20, 2023 |
| Interim Status Report on Discovery (¶ 15) | October 12, 2023 |
| Supplement Identification of Accused Products and Invalidity References (¶ 16) | October 26, 2023 |
| Final Infringement Contentions (¶ 6(f)) | November 9, 2023 |
| Final Invalidity Contentions (¶ 6(g)) | December 7, 2023 |
| **Discovery Cutoff (¶ 7(a))** | December 14, 2023 |

| EVENT | DEADLINE |
|---|---|
| Expert Reports (¶ 7(f)(i))<br>(On Which the Party Bears the Burden) | January 25, 2024 |
| Rebuttal Expert Reports (¶ 7(f)(i)) | March 7, 2024 |
| Reply Expert Reports<br>(¶ 7(f)(i)) | March 28, 2024 |
| Expert Discovery Closes | May 2, 2024 |
| Narrowing of Asserted Claims and Prior Art References (¶ 6(h)) | May 16, 2024 |
| Opening Case Dispositive and *Daubert* Motions (¶¶ 7(f)(iii), 17) | June 20, 2024 |
| Answering Brief to Case Dispositive and *Daubert* Motions | July 11, 2024 |
| Reply Brief ISO Case Dispositive and *Daubert* Motions | July 25, 2024 |
| Dispositive Motions/Daubert Hearing (¶ 17(f)) | August 2024<br><br>(2 to 3 months before the pretrial conference date) |
| Joint Pretrial Order (¶ 19) | October 2024<br><br>(No less than 7 days before the pretrial conference) |
| Proposed Voir dire, preliminary jury instructions, final jury instructions, and special verdict forms (¶ 21) | October 2024<br><br>(3 days before the final pretrial conference) |
| Final Pretrial Conference (¶ 19) | October 2024 |
| **Trial (¶ 22)** | November 2024 |
| Joint Order to Enter Judgment on the Verdict/Joint Status (¶ 23) | Within seven (7) days after the jury returns a verdict |