### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARDY DIAGNOSTICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A No. 22-351-CJB |
| VITAL CONNECT, INC., | ) ) ) |
| Defendant. | ) |

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff Bardy Diagnostics, Inc. ("Bardy") and Defendant Vital Connect, Inc. ("VitalConnect") (collectively, the "Parties") may seek discovery of documents, information, or other materials that may contain trade secrets, or confidential research, development, or commercial information;

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court **ORDERS** that:

1. **Scope of Protection.** This Stipulated Protective Order ("Protective Order" or "Order") governs the disclosure, use, and production of information, documents, testimony, and tangible things in connection with this action.

2. **Designations of Protection Information.** As set forth below, any producing person, entity, or third party ("Producing Party") may designate any information, document, testimony, or tangible item to be disclosed or produced to any other person or entity ("Receiving Party") as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" (collectively and individually, "Protected Information"). The following is also Protected Information: (i) any information copied or extracted from Protected Information; (ii) all copies, excerpts, summaries, or compilations of Protected Information; (iii) any testimony, conversations,

or presentations by Parties or their counsel that might reveal Protected Information; and (iv) briefs, memoranda or other writings filed with the Court and accompanying exhibits that contain or reflect the content of any such Protected Information.

      a.    <u>CONFIDENTIAL.</u> Any Producing Party may designate as CONFIDENTIAL any information, document, or tangible item to be disclosed or produced to any Receiving Party if the Producing Party claims in good faith that such information, document, or tangible item comprises or contains non-public proprietary or confidential information.

      b.    <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.</u> Any Producing Party may designate as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any information, document, or tangible item to be disclosed or produced to any Receiving Party if the Producing Party claims in good faith that such information, document, or tangible item comprises non-public proprietary or highly confidentially information, the disclosure of which is likely to cause harm to the competitive position of the producing party, and for which designating the material as CONFIDENTIAL would not provide adequate protection. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may include, without limitation: (i) technical information containing proprietary information or items such as materials that show the internal technical structure, design or operation of products that have been or will be made, imported, used or sold by the Producing Party; (ii) financial or other commercially-sensitive information (*e.g.*, pricing, customer lists, business and marketing plans or analysis, license agreements and the like); (iii) trade secrets; (iv) information subject to a confidentiality obligation owed by the Producing Party to a third-party; or (v) information subject to the privacy interest of any individual.

      c.    <u>Markings</u>. All Protected Information must be clearly marked or stamped

with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (or a suitable equivalent) prior to production to or exchange with the Receiving Party. For documents produced in discovery (except deposition and hearing transcripts), the legend must be placed on each page of each document, to the extent practicable. For deposition and hearing transcripts, the legend must be placed on the cover page of the transcript by each attorney receiving a copy of the transcript, after that attorney receives notice of the designation of some or all of that transcript. For tangible items produced in discovery, the legend must be placed on each discrete unit, to the extent practicable.  Where compliance with this paragraph is not practicable due to the form of the document or item (e.g., Excel spreadsheets), the Producing Party must affix the applicable legend to a coversheet or placeholder document associated with the document or item.

    d.  <u>Depositions</u>. For a deposition transcript, the Producing Party shall designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice to outside counsel of record after service of the final deposition transcript.  If confidential treatment of a transcript is requested by a Party by written notice after completion of a deposition, such written notice shall be provided within fourteen (14) days after completion and service of the final transcript.  Such written notice shall specifically identify by page and line number all portions of the transcript that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.  All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as provided for in the written notice.  The Parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Paragraph 6 below for a period of fourteen (14) days after completion and service of the final

3

transcript. Documents or things used as exhibits at a deposition that a Party desires to be subject to this Order shall be separately stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Producing Party will have the right to exclude from attendance at a deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, counsel, the court reporter, the videographer, designated experts, and any person(s) agreed upon by counsel for the Producing Party.

   e. <u>Third Parties.</u> If discovery is sought of a person or entity not a party to this action ("Third-Party") requiring disclosure of such Third-Party's Protected Information, Third-Party's Protected Information is accorded the same protection as the Parties' Protected Information, and is subject to the same procedures as those governing disclosure of the Parties' Protected Information pursuant to this Protective Order.

  3. **Limits on Use.** Except by consent of the Parties or order of this Court, any information, document, or tangible item designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that is disclosed or produced in connection with this action must be maintained in strict confidence by the Receiving Party and used solely in connection with this action (including any appeal), and not for any other purpose. Any person or entity who obtains access to Protected Information or the contents thereof pursuant to this Order cannot make any copies, duplicates, extracts, summaries or descriptions of such Protected Information (or any portion thereof) except as may be reasonably necessary in the litigation of this action.

  4. **Prosecution Bar.** Except by consent of the Producing Party, any person on behalf of the Receiving Party who reviews technical information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by the Producing Party shall not be involved

in prosecution of patents or patent applications related to electrocardiography devices (including patches with electrocardiography functionality) before any foreign or domestic governmental agency, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes directly or indirectly supervising, advising on, consulting on, preparing, drafting, editing, or amending patent applications, specifications, claims, responses to office actions, or otherwise affecting the scope of claims in patents or patent applications. However, "prosecution" does not include representing a party (a) challenging a patent before a domestic or foreign agency (including, but not limited to, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or post grant review) or (b) defending a patent in an *inter partes* review or post grant review, including by amending claims as part of the defense of the patent in the *inter partes* review or post grant review. These prohibitions begin when the affected individual reviews the Producing Party's technical information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and ends one year after the final resolution of this action (including all appeals) or one year after the affected individual withdraws from the case and no longer has access to such materials, whichever is earlier.

5.  **Disclosure of Information Designated CONFIDENTIAL.** Except as provided in this Protective Order ¶ 18, access to documents or information designated as CONFIDENTIAL are strictly limited to the following persons:

    a.  outside trial counsel or outside attorneys of record for the Receiving Party, including partners, associates, staff, contract attorneys, and their authorized secretarial, paralegal, clerical, legal assistant, and support staff;

    b.  experts or consultants retained by the Parties' or their attorneys for purposes of this action, who are not objected to pursuant to ¶ 9, and who first agree to be bound by the terms

of this Protective Order by executing a written Confidentially Undertaking (attached as Exhibit A) prior to being provided access to CONFIDENTIAL information, and their support staff;

      c.    the Court and Court personnel;

      d.    any mediator who is assigned to hear this matter (including their staff), subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

      e.    court reporters, translators, videographers, and their respective staffs employed in connection with this action;

      f.    vendors retained by counsel for a Party for the purposes of performing services in connection with this litigation, such as photocopying, scanning, managing or hosting electronic documents produced during discovery, and graphics or design services, mock jurors, and reasonably necessary to assist counsel with the litigation of this action;

      g.    any person who (i) authored or previously received a copy of the CONFIDENTIAL information, (ii) otherwise knew or possessed the CONFIDENTIAL information, or (iii) is an officer or director of the Designating Party, or a consultant or expert retained on behalf of the Designating Party for this litigation; and

      h.    any other person with prior written consent of the Producing Party or upon order of the Court.

    6.    **Disclosure of Information Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.** Except as provided in this Protective Order ¶¶ 7, 18, access to documents or information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY are strictly limited to the persons listed in ¶¶ 5(a)-(h).

    7.    **Determining Author or Recipient.** Paragraph 5(g) does not prevent counsel from

examining a witness in a good-faith effort to determine whether the witness authored or previously received certain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information provided that counsel does not disclose the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information in the course of such examination.

8. **Presence of Authorized Persons.** For deposition testimony, unless modified by agreement of counsel or Court order, only those persons authorized by this Protective Order to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be present during those portions of a deposition which may require the disclosure of such information.

9. **Identification and Disclosures of Experts of Consultants.** If a Receiving Party desires to disclose a Producing Party's Protected Information to any expert or consultant pursuant to ¶ 5(b) or ¶ 6 above, it is permitted to do so only after:

  a. identifying in writing to the attorneys for the Producing Party each such expert or consultant, including: (i) the proposed expert's or consultant's full name and professional address and/or affiliation; (ii) the proposed expert's or consultant's current curriculum vitae; (iii) a list of the individual's qualifications, including a listing of all publications within the last five (5) years; (iv) any prior or current employments or consultancies for any Party within the last five (5) years; (v) a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last five (5) years; and (vi) a completed and signed Undertaking from the expert or consultant. To the extent any of items (iii)-(v) are fully disclosed in the curriculum vitae provided under item (ii), such items need not also be disclosed in a separate form.

  b. The attorneys for the Producing Party will have a period of seven (7) business days of receiving such notice to object to disclosure of such information to any identified

expert or consultant. If a party fails to object within this period, it waives any objection to the identified expert or consultant and the parties are deemed to have agreed upon disclosure for purposes of ¶ 5(b). If, during the seven (7) business days, the Producing Party gives a written objection stating the specific bases for its objections, the Receiving Party cannot disclose the Protected Information to the expert or consultant except as agreed by the Parties or by further Court order. The Parties shall attempt to resolve any such objection by meeting and conferring in good faith in accordance with ¶ 7(g) of the Scheduling Order (D.I. 27) ("Scheduling Order") within seven (7) days of service of the written objection. If the objection cannot be resolved at the meet and confer, the Parties must present the dispute to the Court in accordance with ¶ 7(g) of the Scheduling Order within seven (7) days of the meet and confer. The party objecting to the disclosure of the Protected Information to the expert or consultant identified will be considered "the moving party" in accordance with ¶ 7(g) of the Scheduling Order.

10. **Designation of Documents Under Seal.** If a Producing Party's Protected Information is to be filed with this Court in connection with any proceeding in this action, it shall be filed under seal pursuant to the procedures set forth in Local Civil Rule 5.1.3, the Scheduling Order ¶ 4, and any other applicable rules of the Court.

11. **Redactions.** Documents and things produced or made available for inspection may be subject to redaction, if the Producing Party believes in good faith that the information is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege or to work-product immunity. Each such redaction must be clearly labeled as redacted. Information involving the privacy interests of one or more individuals or subject to data privacy restrictions (such as social security numbers, dates of birth, private addresses or telephone numbers, or other personal information)

can be redacted in accordance with the provisions of this paragraph. This paragraph does not waive any party's right to seek disclosure of redacted information. All documents that are redacted based on attorney-client privilege or work-product immunity must be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) unless excepted under ¶ 16 of this Order.

12. **Challenge to Confidentiality.** A Receiving Party's acceptance of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a Producing Party does not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1). This Protective Order does not foreclose any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor is any party precluded from: (i) claiming that any designated matter is not entitled to the protections of this Protective Order; (ii) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or (iii) applying for a further Order modifying this Protective Order in any respect. No party is obligated to challenge the propriety of any designation, and failure to do so does not preclude a subsequent challenge to the propriety of such designation. On any challenge to the designation of any information, the burden of proof lies with the Producing Party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information. If a party seeks declassification or removal of the confidentiality designation of any particular items, the Parties shall attempt to resolve any such dispute by meeting and conferring in good faith in accordance with the Scheduling Order ¶ 7(g). If the dispute cannot be resolved, the Parties may present the dispute to the Court in accordance with Scheduling Order ¶ 7(g). The party seeking declassification or removal of the confidentiality

designation will be considered "the moving party" in accordance with Scheduling Order ¶ 7(g).

13. **Inadvertent Failure to Designate.** If a Producing Party inadvertently fails to designate the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of oral disclosure or production, the Producing Party does not waive, in whole or in part, a claim for confidential treatment. Any Producing Party that inadvertently or unintentionally produces Protected Information without designating it may request destruction of that Protected Information by notifying the Receiving Party, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Information that is properly designated. The Receiving Party must then destroy all copies of the inadvertently or unintentionally produced Protected Information and any documents, information or material derived from or based thereon. The Producing Party must reproduce the Protected Information with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Party. A Receiving Party does not breach this Order for any use of such discovery material before the Receiving Party receives notice of the inadvertent or unintentional disclosure. If a Receiving Party receives discovery information that it believes the Producing Party inadvertently or unintentionally produced without an appropriate designation, the Receiving Party shall notify the Producing Party as soon as reasonably possible and treat the discovery material as though it was designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY under this Order until the Producing Party provides replacement Protected Information that is properly designated or states that the discovery material was not inadvertently or unintentionally produced.

14. **Inadvertent Disclosure of Confidential Information**. Should any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information be

disclosed to any person not entitled to receive the same, the information shall not lose its confidential status through such disclosure, and the parties must exercise their best efforts and take all steps reasonably required to protect its confidentiality after such inadvertent disclosure. If CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must inform the Producing Party of the inadvertent disclosure within five (5) calendar days of learning of such disclosure. As soon as possible thereafter, the parties must also use reasonable efforts to obtain the prompt return of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, and obtain a signed Undertaking from each unauthorized person or party who received such information. Nothing shall prevent the Producing Party from applying to the Court for further or additional relief.

15.     **Inadvertent Production or Disclosure of Privileged Information.** Nothing in this Order shall require production of documents, information or other material that a Producing Party contends is protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. A Producing Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the Receiving Party and providing a privilege log for the inadvertently or unintentionally produced documents, information or other

material. Within seven (7) days of being notified, the Receiving Party must gather and destroy or return all copies of such documents, information or other material to the Producing Party.

16. **Contents of Privilege Log.** No Party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the above-captioned lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents, but an exchange of privilege logs will occur no later than the deadline to substantially complete document productions.

17. **Other Proceedings.** By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

18. **Prior or Public Knowledge**. The restrictions and obligations set forth in this Protective Order shall not prohibit discussions with any person or entity regarding any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information if said person or entity already has legitimate possession thereof. The restrictions and obligations set forth in this Order relating to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information do not apply to any information that: (i) is already public knowledge; (ii) has become public knowledge other than by disclosure by a Receiving Party; (iii) has come or hereafter comes into the Receiving Party's legitimate possession without any confidentiality

restrictions and independently of the Producing Party; or (iv) is released from being designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, by the Producing Party or by order of the Court.

19. **Return or Destruction of Designated Information.** Within sixty (60) days after final termination of this action (including any appeals) unless otherwise agreed to in writing by an attorney of record for the Producing Party, each party must assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that: (i) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications; (ii) all pleadings, motion papers, correspondence, expert reports, written discovery responses, deposition transcripts, deposition, hearing and trial exhibits, and court-filed documents; and (iii) all outside counsel's electronic files other than the production of documents and things may be retained by counsel, subject to a continuing obligation to protect all such material pursuant to this Order. The fulfillment of the obligations imposed by this paragraph, whether by return, destruction, or both, must be certified in writing by the Receiving Party. All obligations and duties arising under this Protective Order survive the termination of this action. The Court retains jurisdiction indefinitely over the Parties, and any persons provided access to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information under the terms of this Protective Order, with respect to any dispute over the improper use of such information.

20. **Waiver or Termination of Order.** No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel

of record for each Producing Party, or by a Court order for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Court order.

21. **Modification of Order.** This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Court order. The Court retains jurisdiction even after the termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

Dated: December 22, 2022

| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Philip A. Rovner* <br> Philip A. Rovner (No. 3215) <br> Jonathan A. Choa (No. 5319) <br> Hercules Plaza <br> P.O. Box 951 <br> Wilmington, DE 19899 <br> Telephone: (302) 984-6000 <br> provner@potteranderson.com <br> jchoa@potteranderson.com <br><br> OF COUNSEL: <br> Stephen M. Hankins <br> RILEY SAFER HOLMES & CANCILA LLP <br> 456 Montgomery Street, 16th Floor <br> San Francisco, CA 94104 <br> (415) 275-8550 <br><br> Louis A. Klapp <br> Michael H. Fleck <br> Edgar Matias <br> RILEY SAFER HOLMES & CANCILA LLP <br> 70 W. Madison Street, Suite 2900 <br> Chicago, IL 60602 <br> (312) 471-8700 <br><br> *Attorneys for Plaintiff Bardy Diagnostics, Inc.* | */s/ Jeremy A. Tigan* <br> Jeremy A. Tigan (No. 5239) <br> 1201 N. Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899-1347 <br> Telephone: (302) 658-9200 <br> jtigan@morrisnichols.com <br><br> OF COUNSEL: <br> Richard F. Martinelli <br> Gerald E. Porter <br> ORRICK, HERRINGTON & SUTCLIFFE LLP <br> 51 West 52nd Street <br> New York, NY 10019-6142 <br> (212) 506-5000 <br><br> Tammy Su <br> ORRICK, HERRINGTON & SUTCLIFFE LLP <br> 1000 Marsh Road <br> Menlo Park, CA 94025-1015 <br> (650) 614-7400 <br><br> *Attorneys for Defendant Vital Connect, Inc.* |

SO ORDERED this <u>3rd</u> day of <u>January</u>, 2023.

_Christopher J. Burke_
The Honorable Christopher J. Burke
United States Magistrate Judge

15

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BARDY DIAGNOSTICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A No. 22-351-CJB ) |
| VITAL CONNECT, INC., | ) ) |
| Defendant. | ) ) |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, state that:

    a.    My present employer is _____ and my present work address is _____.

    b.    My present title, occupation, or job description is

_____.

    c.    I have read and understand the provisions of the Stipulated Protective Order entered in this action and I will comply with the provisions of that Stipulated Protective Order. I consent to be subject to the jurisdiction of the United States District Court for the District of Delaware for enforcement of this Stipulated Protective Order.

    d.    I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Protected Information, or any summaries, abstracts or indices of any Protected Information, that is disclosed to me or that I prepare.

    e.    Upon conclusion of the above-captioned Action, including appeal, I will destroy or return all Protected Information – and any summaries, abstracts and indices thereof, and documents

or materials that I received or prepared relating thereto – in my possession to outside counsel for the party for whom I was employed, retained or acted as witness.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____            _____